MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
ANASTACIO ROMERO PEREZ,
GILBERTO PAZARAN CRISTOBAL,
JAVIER MORA PERALTA, and JULIO
CESAR HERNANDEZ PARRA, *individually*
*and on behalf of others similarly situated,*

                                      *Plaintiffs*,

                -against-

665 9TH AVE. RESTAURANT CORP.
(D/B/A GALAXY DINER), STEVEN
ANTONATOS, JOHN PANORIOS, ELIAS
NEOFOTISTOS, JUAN PEREZ, JUAN
NASARIO, and MAURICIO DOE,

                               *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

       Plaintiffs Anastacio Romero Perez, Gilberto Pazaran Cristobal, Javier Mora Peralta, and

Julio Cesar Hernandez Parra,  individually and on behalf of others similarly situated (collectively,

"Plaintiffs"), by and through their attorneys, Michael Faillace & Associates, P.C., upon their

knowledge and belief, and as against 665 9th Ave. Restaurant Corp. (d/b/a Galaxy Diner),

("Defendant Corporation"), Steven Antonatos,  John Panorios,  Elias Neofotistos,  Juan Perez,

Juan Nasario, and  Mauricio Doe, ("Individual Defendants"), (collectively, "Defendants"), allege

as follows:

## NATURE OF ACTION

1.      Plaintiffs are both current and former employees of Defendants 665 9th Ave. Restaurant Corp. (d/b/a Galaxy Diner), Steven Antonatos, John Panorios, Elias Neofotistos, Juan Perez, Juan Nasario, and Mauricio Doe.

2.       Defendants own, operate, or control a diner, located at 665 Ninth Avenue, New York, New York 10036 under the name "Galaxy Diner".

3.      Upon information and belief, individual Defendants Steven Antonatos, John Panorios, Elias Neofotistos, Juan Perez, Juan Nasario, and Mauricio Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiffs have been employed as cooks, dishwashers, a supervisor, and ostensibly as delivery workers at the restaurant located at 665 Ninth Avenue, New York, New York 10036.

5.      Plaintiffs Mora, and Hernandez have ostensibly been employed as delivery workers. However, they have been required to spend a considerable part of their work day performing non-tipped duties, including but not limited to dishwashing, stocking deliveries, cleaning the refrigerators, the kitchen, the bathroom, and the basement, sweeping the sidewalk, fixing the tables, unclogging toilets, cleaning drains, preparing food and salad, picking up plates, assisting the waiters, and checking and reviewing the food inventory (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiffs have worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they have worked.

7.      Rather, Defendants have failed to maintain accurate recordkeeping of the hours worked and have failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants have failed to pay Plaintiffs the required "spread of hours" pay for any day in which they have had to work over 10 hours a day.

9.      Furthermore, Defendants have repeatedly failed to pay Plaintiffs wages on a timely basis.

10.      Defendants have employed and accounted for Plaintiffs Mora, and Hernandez as delivery workers in their payroll, but in actuality their duties have required a significant amount of time spent performing the non-tipped duties alleged above.

11.      Regardless, at all relevant times, Defendants have paid these Plaintiffs at a rate that is lower than the required tip-credit rate.

12.      However, under both the FLSA and NYLL, Defendants are not entitled to take a tip credit because these Plaintiffs' non-tipped duties have exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

13.      Upon information and belief, Defendants have employed the policy and practice of disguising these Plaintiffs' actual duties in payroll records by designating them as delivery workers instead of non-tipped employees. This has allowed Defendants to avoid paying these Plaintiffs at the minimum wage rate and has enabled them to pay at a lowered tip-credit rate(which they still have failed to do).

14.      Defendants' conduct has extended beyond Plaintiffs to all other similarly situated employees.

15.     At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

17.     Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

19.     Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a diner located in this district. Further, Plaintiffs have been employed by Defendants in this district.

## **PARTIES**

*Plaintiffs*

20.     Plaintiff Anastacio Romero Perez ("Plaintiff Romero" or "Mr. Romero") is an adult individual residing in New York County, New York.

21.     Plaintiff Romero was employed by Defendants at Galaxy Diner from approximately February 2016 until on or about June 26, 2019.

22.     Plaintiff Gilberto Pazaran Cristobal ("Plaintiff Pazaran" or "Mr. Pazaran") is an adult individual residing in Bronx County, New York.

23.     Plaintiff Pazaran was employed by Defendants at Galaxy Diner from approximately June 2016 until on or about June 23, 2019.

24.     Plaintiff Javier Mora Peralta ("Plaintiff Mora" or "Mr. Mora") is an adult individual residing in Kings County, New York.

25.     Plaintiff Mora has been employed by Defendants at Galaxy Diner from approximately March 2016 until the present date.

26.     Plaintiff Julio Cesar Hernandez Parra ("Plaintiff Hernandez" or "Mr. Hernandez") is an adult individual residing in Queens County, New York.

27.     Plaintiff Hernandez was employed by Defendants at Galaxy Diner from approximately October 2016 until on or about July 28, 2019.

*Defendants*

28.     At all relevant times, Defendants own, operate, or control a diner, located at 665 Ninth Avenue, New York, New York 10036 under the name "Galaxy Diner".

29.     Upon information and belief, 665 9th Ave. Restaurant Corp. (d/b/a Galaxy Diner) is a domestic corporation organized and existing under the laws of the State of New York. Upon

information and belief, it maintains its principal place of business at 665 Ninth Avenue, New York, New York 10036.

30.     Defendant Steven Antonatos is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Steven Antonatos is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Steven Antonatos possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

31.     Defendant John Panorios is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Panorios is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant John Panorios possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

32.     Defendant Elias Neofotistos is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Elias Neofotistos is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Elias Neofotistos possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs,

establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

33.     Defendant Juan Perez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Juan Perez is sued individually in his capacity as a manager of Defendant Corporation. Defendant Juan Perez possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

34.     Defendant Juan Nasario is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Juan Nasario is sued individually in his capacity as a manager of Defendant Corporation. Defendant Juan Nasario possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

35.     Defendant Mauricio Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Mauricio Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Mauricio Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

# FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

36.     Defendants operate a diner located in the Hell's Kitchen section of Manhattan in New York City.

37.     Individual Defendants, Steven Antonatos, John Panorios, Elias Neofotistos, Juan Perez, Juan Nasario, and Mauricio Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

38.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

39.     Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

40.     Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

41.     In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

42.     Upon information and belief, Individual Defendants Steven Antonatos, John Panorios, and Elias Neofotistos operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c) transferring assets and debts freely as between all Defendants,

d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f) intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

43.     At all relevant times, Defendants have been Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants have had the power to hire and fire Plaintiffs, have controlled the terms and conditions of employment, and have determined the rate and method of any compensation in exchange for Plaintiffs' services.

44.     In each year from 2016 to the present date, Defendants have, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

45.     In addition, upon information and belief, Defendants and/or their enterprise have been directly engaged in interstate commerce. As an example, numerous items that are used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

46.     Plaintiffs are both current and former employees of Defendants who ostensibly have been employed as cooks, dishwashers, supervisors, and ostensibly as delivery workers;  however, Plaintiffs Mora, and Hernandez , who ostensibly have been employed as delivery workers,  have spent over 20% of their time  performing the non-tip duties outlined above.

47.     Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Anastacio Romero Perez*

48.     Plaintiff Romero was employed by Defendants from approximately February 2016 until on or about June 26, 2019.

49.     Defendants employed Plaintiff Romero as a cook.

50.     Plaintiff Romero regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

51.     Plaintiff Romero's work duties required neither discretion nor independent judgment.

52.     Throughout his employment with Defendants, Plaintiff Romero regularly worked in excess of 40 hours per week.

53.     From approximately February 2016 until on or about May 2019, Plaintiff Romero worked from approximately 8:00 a.m. until on or about 5:00 p.m., three days a week  and from approximately 7:00 a.m. until on or about 6:00 p.m., three days a week  (typically 60 hours per week).

54.     From approximately May 2019 until on or about June 26, 2019, Plaintiff Romero worked from approximately 11:00 a.m. until on or about 8:00 p.m., six days a week two weeks per month and from approximately 11:00 a.m. until on or about 10:00 p.m. six days a week two weeks per month (typically 54 to 66 hours per week).

55.     Throughout his employment, Defendants paid Plaintiff Romero his wages in a combination of check and cash.

56.     From approximately February 2016 until on or about December 2018, Defendants paid Plaintiff Romero $13.00 per hour.

57.     From approximately January 2019 until on or about June 26, 2019, Defendants paid Plaintiff Romero $15.00 per hour.

58.     Defendants never granted Plaintiff Romero any breaks or meal periods of any kind.

Defendants only permitted Plaintiff Romero to punched in and out two or three days a week.

59.     On a single occasion, Defendants required Plaintiff Romero to sign a document, the contents of which he was not allowed to review in detail, in order to release his weekly pay.

60.     Defendants did not provide Plaintiff Romero an accurate statement of wages, as required by NYLL 195(3).

61.     In fact, Defendants adjusted Plaintiff Romero's paystubs so that they reflected inaccurate wages and hours worked.

62.     Defendants did not give any notice to Plaintiff Romero, in English and in Spanish (Plaintiff Romero's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Gilberto Pazaran Cristobal*

63.     Plaintiff Pazaran was employed by Defendants from approximately June 2016 until on or about June 23, 2019.

64.     Defendants employed Plaintiff Pazaran as a cook.

65.     Plaintiff Pazaran regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

66.     Plaintiff Pazaran's work duties required neither discretion nor independent judgment.

67.     Throughout his employment with Defendants, Plaintiff Pazaran regularly worked in excess of 40 hours per week.

68.     From approximately June 2016 until on or about June 23, 2019, Plaintiff Pazaran worked from approximately 6:00 a.m. until on or about 4:00 p.m., Mondays through Wednesdays, from approximately 6:00 a.m. until on or about 6:00 p.m., Thursdays and Saturdays, and from approximately 6:00 a.m. until on or about 5:00 p.m., on Fridays (typically 64 hours per week).

69.     Throughout his employment, Defendants paid Plaintiff Pazaran his wages in cash.

70.     From approximately June 2016 until on or about June 23, 2019, Defendants paid Plaintiff Pazaran $13.00 per hour.

71.     Defendants never granted Plaintiff Pazaran any breaks or meal periods of any kind.

72.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Pazaran regarding overtime and wages under the FLSA and NYLL.

73.     Defendants did not provide Plaintiff Pazaran an accurate statement of wages, as required by NYLL 195(3).

74.     Defendants did not give any notice to Plaintiff Pazaran, in English and in Spanish (Plaintiff Pazaran's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Javier Mora Peralta*

75.     Plaintiff Mora has been employed by Defendants from approximately March 2016 until the present date.

76.     Defendants have ostensibly employed Plaintiff Mora as a delivery worker.

77.     However, Plaintiff Mora has also been required to spend a significant portion of his work day performing the non-tipped duties described above.

78.     Although Plaintiff Mora has ostensibly been employed as a delivery worker, he has spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

79.     Plaintiff Mora has regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

80.     Plaintiff Mora's work duties have required neither discretion nor independent judgment.

81.     Throughout his employment with Defendants, Plaintiff Mora has regularly worked in excess of 40 hours per week.

82.     From approximately March 2016 until on or about January 2019, Plaintiff Mora worked from approximately 8:00 a.m. until on or about 4:00 p.m., three days a week and from approximately 7:00 a.m. until on or about 4:00 p.m. to 4:30 p.m., three days a week (typically 51 to 54 hours per week).

83.     From approximately January 2019 until the present date, Plaintiff Mora has worked from approximately 8:00 a.m. until on or about 4:00 p.m., six days a week one week each month (typically 48 hours per week).

84.     From approximately March 2016 until on or about February 2018, Defendants paid Plaintiff Mora his wages in cash.

85.     From approximately February 2018 until the present date, Defendants have paid Plaintiff Mora his wages by personal check.

86.     From approximately March 2016 until on or about June 2018, Defendants paid Plaintiff Mora $8.65 per hour.

87.     From approximately June 2018 until December 2018, Defendants paid Plaintiff Mora $13.00 per hour.

88.     From approximately January 2019 until the present date, Defendants have paid Plaintiff Mora $15.00 per hour.

89.     From approximately March 2016 until on or about December 2018, Plaintiff Mora's pay never varied even when he was required to stay later or work a longer day than his usual schedule.

90.     For example, Defendants required Plaintiff Mora to work an additional 30 minutes past his scheduled departure time six days a week, and did not pay him for the additional time he worked.

91.     Defendants have never granted Plaintiff Mora any breaks or meal periods of any kind.

92.     Plaintiff Mora has never been notified by Defendants that his tips are being included as an offset for wages.

93.     Defendants have not accounted for these tips in any daily or weekly accounting of Plaintiff Mora's wages.

94.     in order to get paid, Plaintiff Mora has been required to sign a document in which Defendants misrepresented the hours that he worked per week.

95. Defendants have never provided Plaintiff Mora an accurate statement of wages, as required by NYLL 195(3).

96. In fact, Defendants have adjusted Plaintiff Mora's paystubs so that they reflected inaccurate wages and hours worked.

97. Defendants have never given any notice to Plaintiff Mora, in English and in Spanish (Plaintiff Mora's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

98. Defendants have required Plaintiff Mora to purchase "tools of the trade" with his own funds—including one bicycle, one helmet, a vest, and bicycle maintenance.

*Plaintiff Julio Cesar Hernandez Parra*

99. Plaintiff Hernandez was employed by Defendants from approximately October 2016 until on or about July 28, 2019.

100. Defendants ostensibly employed Plaintiff Hernandez as a delivery worker.

101. However, Plaintiff Hernandez was also required to spend a significant portion of his work day performing the non-tipped duties described above.

102. Although Plaintiff Hernandez ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

103. Plaintiff Hernandez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

104. Plaintiff Hernandez's work duties required neither discretion nor independent judgment.

105. Throughout his employment with Defendants, Plaintiff Hernandez regularly worked in excess of 40 hours per week.

106.     From approximately October 2016 until on or about February 2018, Plaintiff Hernandez worked from approximately 6:00 a.m. until on or about 4:00 p.m., six days a week (typically 60 hours per week).

107.     From approximately February 2018 until on or about June 2019, Plaintiff Hernandez worked from approximately 6:00 a.m. until on or about 2:00 p.m., three days a week and from approximately 6:00 a.m. until on or about 4:00 p.m., two days a week (typically 44 hours per week).

108.     Throughout his employment, Defendants paid Plaintiff Hernandez his wages in a combination of check and cash.

109.     From approximately October 2016 until on or about February 2017, Defendants paid Plaintiff Hernandez $6.00 per hour.

110.     From approximately February 2017 until on or about January 2019, Defendants paid Plaintiff Hernandez $9.85 per hour.

111.     Although Defendants granted Plaintiff Hernandez 30 minute meal periods, he was not able to take them on numerous occasions due to the requirements of the job.

112.     Nevertheless, Defendants deducted the meal periods Plaintiff Hernandez was not able to take , and the cost of the meals  he never ate from his weekly pay.

113.     Plaintiff Hernandez was never notified by Defendants that his tips were being included as an offset for wages.

114.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Hernandez's wages.

115.     in order to get paid, Plaintiff Hernandez was required to sign a document in which Defendants misrepresented the hours that he worked per week.

116.   No notification, either in the form of posted notices or other means, was ever given to Plaintiff Hernandez regarding overtime and wages under the FLSA and NYLL.

117.   Defendants did not provide Plaintiff Hernandez an accurate statement of wages, as required by NYLL 195(3).

118.   In fact, Defendants adjusted Plaintiff Hernandez's paystubs so that they reflected inaccurate wages and hours worked.

119.   Defendants did not give any notice to Plaintiff Hernandez, in English and in Spanish (Plaintiff Hernandez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

120.   Defendants required Plaintiff Hernandez to purchase "tools of the trade" with his own funds—including a bicycle, bicycle maintenance, one helmet, and one vest.

*Defendants' General Employment Practices*

121.   At all times relevant to this Complaint, Defendants have maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

122.   Plaintiffs have been victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they have been owed for the hours they have worked.

123.   Defendants' pay practices have resulted in Plaintiffs not receiving payment for all their hours worked, and have resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

124.     Defendants have habitually required Plaintiffs to work additional hours beyond their regular shifts but have not provided them with any additional compensation.

125.     Defendants have required Plaintiffs Mora, and Hernandez and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

126.     These Plaintiffs and all similarly situated employees, have ostensibly been employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

127.      These Plaintiffs' duties have not been incidental to their occupation as tipped workers, but instead have constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

128.     These Plaintiffs and all other tipped workers have been paid below the tip-credit rate by Defendants.

129.     However, under state law, Defendants are not entitled to a tip credit because the tipped worker's and these Plaintiffs' non-tipped duties exceed 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

130.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

131.     In violation of federal and state law as codified above, Defendants have classified these Plaintiffs and other tipped workers as tipped employees, and have paid them at a rate that is

lower than the tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

132.    Defendants have failed to inform Plaintiffs who received tips that Defendants intended to take a deduction against Plaintiffs' earned wages for tip income, as required by the NYLL before any deduction may be taken.

133.    Defendants have failed to inform Plaintiffs who received tips, that their tips are being credited towards the payment of the minimum wage.

134.    Defendants have failed to maintain a record of tips earned by Plaintiffs who have worked as delivery workers for the tips they received.

135.    Defendants' time keeping system has not reflected the actual hours that Plaintiffs worked.

136.    Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

137.    On a number of occasions, Defendants have required Plaintiffs to sign a document the contents of which they have not been allowed to review in detail.

138.    Defendants have required Plaintiffs to sign a document that reflected inaccurate or false hours worked.

139.    Defendants have paid Plaintiffs in cash, a combination of cash and check, by personal check, and a combination of personal check and business check.

140.    Defendants have failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

141.    Upon information and belief, these practices by Defendants have been done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

142.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

143.    Defendants' unlawful conduct is intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

144.    Defendants have failed to provide Plaintiffs and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

145.    Defendants have failed to provide Plaintiffs and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

146.     Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

147.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

148.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

149.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

150.     At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants have had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

151.     At all times relevant to this action, Defendants have been engaged in commerce or in an industry or activity affecting commerce.

152.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

153.     Defendants have failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

154.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate is willful within the meaning of 29 U.S.C. § 255(a).

155.     Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

156.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

157.     Defendants, in violation of 29 U.S.C. § 207(a)(1), have failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

158.     Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation has been willful within the meaning of 29 U.S.C. § 255(a).

159.     Plaintiffs (and the FLSA Class members) have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

160.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

161.     At all times relevant to this action, Defendants have been Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants have had the power to hire and fire

Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

162.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, have paid Plaintiffs less than the minimum wage.

163.     Defendants' failure to pay Plaintiffs the minimum wage is willful within the meaning of N.Y. Lab. Law § 663.

164.     Plaintiffs have been damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

165.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

166.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, have failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

167.     Defendants' failure to pay Plaintiffs overtime compensation is willful within the meaning of N.Y. Lab. Law § 663.

168.     Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

169.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

170.    Defendants have failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours has exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

171.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours is willful within the meaning of NYLL § 663.

172.    Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

173.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

174.    Defendants have failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

175.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

176.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

177.    With each payment of wages, Defendants have failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

178.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**RECOVERY OF EQUIPMENT COSTS**

179.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

180.    Defendants have required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

181.    Plaintiffs have been damaged in an amount to be determined at trial.

**NINTH CAUSE OF ACTION**

**UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION**

**OF THE NEW YORK LABOR LAW**

182.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

183.    At all relevant times, Defendants have been Plaintiffs' employers within the meaning

of the N.Y. Lab. Law §§ 2 and 651.

184.    Defendants have made unlawful deductions from Plaintiffs' wages; specifically, Defendants have deducted working hours from Plaintiffs' weekly wages in order to avoid paying THEM overtime hours.

185.    The deductions made from Plaintiffs' wages have not been authorized or required by law.

186.    Through their knowing and intentional efforts to take unauthorized deductions from Plaintiffs' wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

187.    Plaintiffs have been damaged in an amount to be determined at trial.


### TENTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

188.    Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

189.    Defendants have not paid Plaintiffs on a regular weekly basis, in violation of NYLL §191.

190.    Defendants are liable to each Plaintiff in an amount to be determined at trial.


### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)      Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)      Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)      Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)      Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)      Declaring that Defendants' violations of the provisions of the FLSA are willful as to Plaintiffs and the FLSA Class members;

(f)      Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)      Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)      Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants have violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants have violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)     Declaring that Defendants have violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order are willful as to Plaintiffs;

(n)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)      Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)      All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

October 6, 2020

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      _____/s/ Michael Faillace_____
         Michael Faillace [MF-8436]
         60 East 42nd Street, Suite 4510
         New York, New York 10165
         Telephone: (212) 317-1200
         Facsimile: (212) 317-1620
         *Attorneys for Plaintiffs*